# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

DERICK LEVELL JONES,

    Petitioner,

v.                                 Case No. 3:24-cv-259-LC-MJF

RICKY D. DIXON,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Derick Levell Jones, proceeding with counsel, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 4. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 9. Jones opposes the motion. Doc. 12. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Jones's petition should be dismissed because it is time-barred.

### I.  U<small>NDISPUTED</small> P<small>ROCEDURAL</small> H<small>ISTORY</small>

In Escambia County Circuit Court Case No. 2017-CF-001402, Jones was convicted of Robbery With a Weapon. Doc. 4 at 1; Doc. 9-1, Ex. A.

The trial court sentenced Jones to 40 years of imprisonment. *Id.*

On September 9, 2019, the Florida First District Court of Appeal ("First DCA") affirmed the judgment in a written opinion that read:

> Derick Levell Jones challenges his conviction for robbery with a weapon, arguing that the trial court should have granted his motion to exclude an out-of-court identification by the robbery victim. Because his argument was not preserved, we affirm.
>
> ### *Facts*
>
> Jones moved to exclude testimony about the victim's out-of-court identification of Jones as the perpetrator of the robbery. At the motion hearing, Investigator Jimmie Tatum and Deputy Lionil Martinez testified that they interviewed the victim, who spoke Spanish. Martinez was the only Spanish-speaking officer available at the time. Tatum and Martinez showed the victim a BOLO with three pictures on it. Tatum testified that the person depicted in the BOLO was not Jones, but another suspect they were trying to identify. The victim said that the person who robbed him was "a bit more bearded." Tatum obtained a photo line-up created by the Intelligence Unit. He gave the line-up to Martinez and left the room. Martinez read the victim the instructions for the line-up in Spanish. Martinez did not know which photo in the line-up depicted Jones. When Martinez showed the line-up to the victim, the victim picked Jones' photograph and identified Jones as the person who robbed him.
>
> Defense counsel made several arguments in support of his motion to exclude the identification: (1) the line-up was not presented by an independent administrator as required by statute, (2) the translated instructions for the line-up did

not follow the instructions on the form, and (3) the officers were not completely honest with the court about what happened before the identification. The prosecutor asserted that the statute requiring an independent administrator was not in effect when the line-up was administered, that nonetheless Martinez was an independent administrator, that the officers followed the proper procedures when administering the line-up, and that any variations in the instructions were attributable to Martinez translating the instructions into Spanish for the victim.

The trial court denied the motion. Jones went to trial and was convicted of robbery with a weapon. This appeal follows.

### *Analysis*

We review the trial court's denial of a motion in limine for an abuse of discretion. *Bass v. State*, 147 So.3d 1033, 1035 (Fla. 1st DCA 2014). Before excluding an out-of-court identification, the trial court must consider two factors: "(1) did the police employ an unnecessarily suggestive procedure in obtaining an out-of-court identification; [and] (2) if so, considering all the circumstances, did the suggestive procedure give rise to a substantial likelihood of irreparable misidentification." *Simmons v. State*, 934 So.2d 1100, 1118 (Fla. 2006) (quoting *Grant v. State*, 390 So.2d 341, 343 (Fla. 1980)).

Jones argues that the identification was unnecessarily suggestive because the victim was shown pictures of Jones in a BOLO before being shown the photo line-up. This argument was not preserved. Jones never presented this argument to the trial court, so it cannot be addressed for the first time on appeal. *Pryor v. State*, 48 So.3d 159, 162 (Fla. 1st DCA 2010).

>Even if the argument had been preserved, the identification procedure used here was not unnecessarily suggestive. Tatum testified that the BOLO shown to the victim before he viewed the photo line-up did not include a picture of Jones. The photo line-up was created by the Intelligence Unit, not by the lead investigator. There was no testimony that Jones was the only person in the photo-line up that matched the description given by the witness. *Carrasco v. State*, 470 So.2d 858, 860 (Fla. 1st DCA 1985). The video recording of the identification process shows that Martinez did not direct the victim's attention to any one picture in the line-up. *Cf. Walton v. State*, 208 So.3d 60, 65 (Fla. 2016) (explaining that an identification procedure was unnecessarily suggestive when the detective repeatedly drew the witness's attention to the picture depicting the defendant). Instead, Martinez told the victim that he did not have to make an identification and he should take his time when examining the photographs. The victim conveyed that he understood the directions. Based on this record, we find the procedure used by the officers was not unnecessarily suggestive.
>
>Finding no error in the trial court's denial of the motion in limine, Jones' judgment and sentence are AFFIRMED.

*Jones v. State*, 278 So. 3d 903, 904-05 (Fla. 1st DCA 2019) (per curiam) (copy at Doc. 9-4, Ex. D). Jones did not move for rehearing and did not seek further direct review. Doc. 4 at 2-3.

On November 1, 2020, Jones filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3800(a). Doc. 4 at 3;

Doc. 9-6, Ex. F at 8-12.[1] The state circuit court denied the motion. Doc. 9-6, Ex. F at 13-14. The First DCA affirmed without written opinion. *Jones v. State*, 317 So. 3d 1126 (Fla. 1st DCA 2021) (Table) (per curiam) (copy at Doc. 9-7, Ex. G). The mandate issued June 11, 2021. Doc. 9-8, Ex. H.

On July 8, 2021, Jones filed a counseled motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. Doc. 4 at 4; Doc. 9-9, Ex. I at 8-37 (Mot.), 41-69 (Am. Mot.). The state circuit court denied the motion. Doc. 9-9, Ex. I at 70-145. The First DCA affirmed without written opinion. *Jones v. State*, 386 So. 3d 121 (Fla. 1st DCA 2024) (Table) (per curiam) (copy at Doc. 9-12, Ex. L). The mandate issued June 10, 2024. Doc. 9-15, Ex. O.

Jones filed his initial federal habeas petition on June 10, 2024, Doc. 1. Jones's amended petition raises three grounds of ineffective assistance of counsel. Doc. 4 at 5, 16-21.

---

[1] When a page of an exhibit bears more than one page number, the undersigned cites the number at the bottommost center of the page.

## II. DISCUSSION

### A. The Federal Habeas Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Jones's § 2254 petition, because the petition was filed after the AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Jones does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Jones's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

**B.** **Jones's Habeas Petition Is Untimely**

It is undisputed that Jones did not seek further direct review in the Florida Supreme Court or in the United States Supreme Court. In *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012), the United States Supreme Court held that for habeas petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become "final" for purposes of § 2244(d)(1)(A), "when the time for pursuing direct

Page 7 of 14

review in this Court, or in state court, expires." *Gonzalez*, 565 U.S. at 150. The timeliness of Jones's habeas petition turns on whether his conviction became final thirty days after issuance of the First DCA's opinion (as the State maintains), or ninety days after issuance of that opinion (as Jones maintains). *See* Doc. 9 at 4-7; Doc. 12.

The State asserts that Jones could have sought discretionary review in the Florida Supreme Court, because the First DCA's written opinion expressly addressed a question of law and contained a detailed factual and legal basis for its ruling, including citations to Florida Supreme Court decisions. Doc. 9 at 4-5. Jones asserts that the Florida Supreme Court did not have jurisdiction to review his case, and that the First DCA's opinion was the final decision of the highest state court empowered to hear his case. Doc. 12 at 4-5.

The Florida Constitution provides that the Florida Supreme Court "[m]ay review any decision of a district court of appeal that expressly declares valid a state statute, or that expressly construes a provision of the state or federal constitution, or that expressly affects a class of constitutional or state officers, or that expressly and directly conflicts

with a decision of another district court of appeal or of the supreme court on the same question of law." Fla. Const. art. V, § 3. The Florida Supreme Court explained the scope of its jurisdiction in *The Fla. Star v. B.J.F.*, 530 So. 2d 286 (Fla. 1988):

> This Court in the broadest sense has subject-matter jurisdiction under article V, section 3(b)(3) of the Florida Constitution, over any decision of a district court that expressly addresses a question of law within the four corners of the opinion itself. That is, the opinion must contain a statement or citation effectively establishing a point of law upon which the decision rests.

*The Fla. Star*, 530 So. 2d at 288 (footnote omitted)

The First DCA's written opinion in Jones's direct appeal meets the above requirement. Thus, discretionary review in the Florida Supreme Court was available to Jones. This conclusion is consistent with that of numerous federal district courts in Florida that have addressed the same legal issue in the same habeas context on analogous facts. *See Bravo v. Sec'y, Dep't of Corr.*, No. 1:22cv69-AW-MJF, 2022 WL 17668456, at *1-2 (N.D. Fla. Dec. 14, 2022), *certificate of appealability denied,* No. 23-10204, 2023 WL 9324734 (11th Cir. July 13, 2023), *cert. denied sub nom Bravo v. Dixon*, No. 23-6587, 144 S. Ct. 1040 (Mar. 4, 2024); *Hall v. Sec'y, Fla.*

*Dep't of Corr.*, No. 4:20cv444-MW/MAF, 2022 WL 2654988, at *4 (N.D. Fla. June 6, 2022), *report and recommendation adopted*, 2022 WL 2649086 (N.D. Fla. July 8, 2022); *Dailey v. Crews*, No. 3:13cv148-WS/EMT, 2014 WL 2158428, at *4 (N.D. Fla. May 23, 2014); *Palmer v. Inch*, No. 5:19cv002-MCR/HTC, 2021 WL 4526709, at *3 (N.D. Fla. July 1, 2021) *report and recommendation adopted*, 2021 WL 4523079 (N.D. Fla. Oct. 4, 2021), *appeal dismissed*, No. 21-13884-F (11th Cir. Feb. 15, 2022).

The time for Jones to seek discretionary review in the Florida Supreme Court expired on October 9, 2019, which is thirty days after rendition of the First DCA's order affirming the judgment. *See* Fla. R. App. P. 9.120(b). Thus, Jones's conviction became "final" for purposes of § 2244(d)(1)(A), on October 9, 2019. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez*, 565 U.S. at 150.

The federal habeas limitations period began to run one day later, on October 10, 2019, and expired one year later, on October 10, 2020, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

Jones did not file any application that qualified for statutory tolling under § 2244(d)(2) during that critical one-year period. None of Jones's later state postconviction filings triggered the tolling benefit of § 2244(d)(2), because the limitations period already had expired. *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (a state-court motion for postconviction relief cannot toll the limitations period if that period already expired); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Nor did the later filings reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Jones's federal habeas petition, filed on June 10, 2024, is untimely by *more than three years.*

C. <u>**Jones's Untimely Petition Should Be Dismissed**</u>

Jones does not allege that he is entitled to equitable tolling or any other exception to the limitations bar. The District Court, therefore, should dismiss Jones's untimely petition.

III. A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation, the relevant party shall file such an objection with the District Court.

## IV.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 9, be **GRANTED**.

2. The amended petition for writ of habeas corpus, Doc. 4, challenging the judgment of conviction and sentence in *State of Florida v. Derick Levell Jones*, Escambia County Circuit Court Case No. 2017-

CF-001402, be **DISMISSED WITH PREJUDICE** because it is time-barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Panama City, Florida, this 12th day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**